UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DERECK VINCENT FESOLAI,<br><br>Defendant(s). | Case No. 2:17-CR-74 JCM (NJK)<br><br>ORDER |

Presently before the court is petitioner Dereck Fesolai's motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 55). The government filed a response (ECF No. 59). Petitioner filed no reply.

**I.    Background**

Petitioner is currently serving his third sentence in prison. He was first sentenced on May 3, 2007, for home invasion and possessing a controlled substance with intent to sell. He was released on June 28, 2008. His second sentence came down on June 15, 2009, for felony attempted theft. He was released on December 14, 2010.

On June 14, 2018, petitioner was sentenced to his current prison term for felon in possession of a firearm and possession of cocaine with intent to distribute. (ECF No. 49). The court entered judgment on June 18, 2019. (ECF No. 50). Petitioner did not appeal.

On September 25, 2019, petitioner filed his initial § 2255 motion. (ECF No. 51). This court dismissed the motion without prejudice, because his filing failed to attach its referenced "brief in support of the motion," (*Id.*), without which, "nothing but threadbare allegations of ineffective assistance of counsel and a cursory argument" regarding *Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("*Rehaif*") were before the court, (ECF No. 52).

**James C. Mahan**
**U.S. District Judge**

On February 25, 2020, Petitioner filed the instant § 2255 motion *pro se* for ineffective assistance of counsel with regards to his mental incapacity and the change in law from *Rehaif*. (ECF No. 55).

## II.  Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions exist because the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, a petitioner's claims are procedurally barred if they could have been raised on direct appeal are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, procedural default is excused if the defendant can show cause *and* prejudice, or actual innocence. *Id.*

## III.  Discussion

*1.  Timeliness of Ineffective Assistance of Counsel Claim*

In the instant motion, petitioner claims ineffective assistance of counsel with respect to his mental incompetence. Petitioner states that he committed his crimes due to a condition where he was "withdraw[n] from reality," "creating thoughts and feelings of being a movie character." [ECF No. 55]. He claims that his counsel knew of petitioner's diagnosed conditions yet failed to request a mental evaluation. [*Id.*].

This claim is untimely. As relevant here, a § 2255 motion must be filed within a year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] judgment becomes final when the time has passed for appealing the district court's entry of the judgment." *See United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000). This court entered

judgment on June 18, 2018. (ECF No. 50). More than a year after that date, on September 25, 2019, petitioner filed his initial § 2255 motion. (ECF No. 51).

As required by law, this court grants petitioner an opportunity to respond on the timeliness of his ineffective assistance of counsel claim. *See Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012) (*citing Day v. McDonough*, 547 U.S. 198, 210 (2006)) ("When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition . . . [only after] the court provides the petitioner with adequate notice and an opportunity to respond."). Equitable tolling may apply to this one-year deadline. To succeed, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

*2. Procedural Default of* Rehaif *Claim*

Petitioner has cloaked his claim regarding *Rehaif* as ineffective assistance of counsel. (ECF No. 55). In *Rehaif*, the Supreme Court overruled longstanding precedent to hold that, to prove a violation of 18 U.S.C. § 924(c), the government must show that a defendant knew he fell into one of the categories enumerated in 18 U.S.C. § 922(g) prohibiting him from possessing a firearm. 139 S. Ct. at 2194. Petitioner states that his counsel failed to "inform [him] about the status element." (*Id.*). However, petitioner was sentenced on June 14, 2018, (ECF No. 49), well before the June 21, 2019 ruling in *Rehaif*, 139 S. Ct. 2191. As petitioner notes, he did not know about the status element "until June 2019," (*Id.*), as did the rest of the world including the Ninth Circuit. *See Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting) (collecting cases in all circuits); *see also United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) ("No mens rea is required for the felon status element of the felon in possession statute."). Petitioner's counsel did not perform deficiently by failing to cite future precedent. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("[A] lawyer cannot be required to anticipate [the court's] decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of Strickland 'as of the time of counsel's conduct.'").

**James C. Mahan**
**U.S. District Judge**

- 3 -

If we extract petitioner's *Rehaif*-based claim from ineffective assistance of counsel, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)), petitioner must still contend with procedural default from his failure to appeal. Although ineffective assistance of counsel claims are not barred by procedural default, *Massaro*, 538 U.S. at 504, other § 2255 claims must demonstrate "cause and prejudice, or actual innocence" in order to overcome petitioner's failure to raise the claim on direct appeal. *Massaro*, 538 U.S. at 504

Petitioner successfully demonstrates cause not to raise the issue of *Rehaif* on direct appeal. "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16 (1984). As stated before, petitioner's counsel could not be expected to invoke the principles in *Rehaif* before the decision's existence.

However, petitioner was not prejudiced. In the context of a guilty plea, prejudice requires that petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A growing number of courts have denied § 2255 challenges regarding *Rehaif* for their failure to show prejudice as to overcome procedural default. *United States v. Lowe*, No. 214CR00004JADVCF, 2020 WL 2200852, at *1 n. 15 (D. Nev. May 6, 2020) (collecting cases). The record fails to support a finding that petitioner would not have pled guilty. The record also establishes that the government would have been able to prove beyond a reasonable doubt that petitioner knew of his prohibited status at the time he possessed the firearm. The record, including the pre-sentencing report, shows that petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at issue: petitioner was found guilty at jury trial for his first felony offense and pleaded guilty to two prior felonies: invasion of home in September 2006, possession of controlled substance with intent to sell in January 2007, and attempt to commit theft in December 2008. Petitioner indisputably knew that he had been convicted of these felonies, having spent more than a year in prison on two separate occasions. There is also no suggestion that

**James C. Mahan**
**U.S. District Judge**

petitioner was prejudiced in any other way, such as at sentencing. Petitioner's claim of actual innocence fails for the same reason, and there are no alternative reasons petitioner might claim actual innocence; he was apprehended in possession of a SSCY 9-millimeter handgun bearing serial number 275345. (ECF No. 1).

In light of the foregoing, petitioner has failed to overcome procedural default. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV.     Certificate of appealability**

The court declines to issue a certificate of appealability. Under 28 U.S.C. § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) be, and the same hereby is, DENIED in part, and HELD IN ABEYANCE in part.

IT IS FURTHER ORDERED that petitioner file a response to the timeliness of his claim for ineffective assistance of counsel regarding his mental incompetence within 30 days of this order.

**James C. Mahan**
**U.S. District Judge**

1   IT IS FURTHER ORDERED that petitioner inform the court if he requires additional time
2   to access resources and file his aforementioned response due to his correctional facility's policies
3   regarding COVID-19.
4   DATED June 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**