UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>    v.<br><br>DERECK VINCENT FESOLAI,<br><br>                              Defendant(s). | Case No. 2:17-CR-74 JCM (NJK)<br><br>ORDER |

Presently before the court is petitioner Dereck Fesolai's motion to reconsider this court's order denying his claim for relief as to *Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("*Rehaif*"). (ECF No. 61). The government responded. (ECF No. 62). Petitioner filed no reply.

Also before the court is petitioner's status report which this court will construe as a request for additional time. (ECF No. 63).

**I.     Background**

On June 5, 2020, this court denied petitioner's request for § 2255 relief as to *Rehaif*. (ECF No. 60). This court's order also granted petitioner an opportunity to brief the issue of timeliness as to his claim for ineffective assistance of counsel. (*Id.*).

Petitioner now moves for reconsideration of this court's order, (ECF No. 60), to allow his appointed counsel to supplement his arguments surrounding *Rehaif*. (ECF No. 61). Petitioner also notes that additional time is necessary to respond on the question of timeliness. (ECF No. 63). This court has already signaled its willingness to grant additional time in light of the COVID-19 pandemic. (ECF No. 60).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

District courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Id.* (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

## III. Discussion

This court denies petitioner's motion for reconsideration. The lack of briefing from appointed counsel fails to entail an "extraordinary circumstance" under Rule 60(b)(6). *See Lal*, 610 F.3d at 524. On March 12, 2020, petitioner was appointed counsel in accordance with general order 2019-06. (ECF No. 58). The government responded to petitioner's pro se motion, (ECF No. 55), on March 23, 2020. (ECF No. 59). This court issued its order on June 5, 2020. (ECF No. 60). The parties had ample time to brief these issues. Additionally, this court is familiar with petitioner's arguments on structural error and is unpersuaded much like a growing number of circuits. *See United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196 (10th Cir. 2020); *United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009); *but see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

**James C. Mahan**
**U.S. District Judge**

As to petitioner's remaining briefing on timeliness of his claim for ineffective assistance of counsel, this court grants petitioner an additional 9 days to file his response from the entry of this order. (ECF No. 63).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Dereck Fesolai's motion to reconsider (ECF No. 61) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner file a response to the timeliness of his claim for ineffective assistance of counsel regarding his mental incompetence within nine (9) days of this order.

DATED June 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**