# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DERECK VINCENT FESOLAI,<br><br>Defendant(s). | Case No. 2:17-CR-74 JCM (NJK)<br><br>ORDER |

Presently before the court is petitioner Dereck Fesolai's motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 55). This court denied petitioner's claims as to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), but held the motion in abeyance to allow petitioner's response on the timeliness of his claim of ineffective assistance of counsel.[1] (ECF No. 60). Petitioner has now responded. (ECF No. 65).

In order to overcome untimeliness through equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." *Id.* at 418. The threshold required to trigger equitable tolling is "very high." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). However, due to its fact-intensive nature, courts must develop "an adequate evidentiary record before . . . determining whether the statute of limitation should be equitably tolled." *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004).

---

[1] Petitioner's claim for ineffective assistance of counsel is untimely. "As relevant here, a § 2255 motion must be filed within a year of 'the date on which the judgment of conviction becomes final.' 28 U.S.C. § 2255(f)(1). '[A] judgment becomes final when the time has passed for appealing the district court's entry of the judgment.' *See United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000). This court entered judgment on June 18, 2018. (ECF No. 50). More than a year after that date, on September 25, 2019, petitioner filed his initial § 2255 motion. (ECF No. 51)." (ECF No. 55).

**James C. Mahan**
**U.S. District Judge**

Petitioner argues that his mental health condition and treatment, during the relevant time period, prevented him from timely filing his motion. (ECF No. 65). In order to entail an "extraordinary circumstance," an "impairment . . . [must be] so severe that either: (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable to personally prepare a habeas petition to effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonable available access to assistance. *Bills v. Clarks*, 628 F.3d 1092, 1099-1100 (2010).

Petitioner's response sufficiently discusses the possibility that his mental health prevented him from timely filing and notes that "[m]edical and psychiatric records supporting these assertions will be supplemented once available." (ECF No. 65). This court will withhold its decision until these records are examined. The parties are ordered to proceed as follows:

When the records are received, the parties shall file a notice to this court. Thereafter, petitioner will have seven (7) days to file a supplemental brief in light of these records. The government will then have five (5) days to respond if it so chooses.

Accordingly,

IT IS SO ORDERED.

DATED August 14, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -