JACQUELINE TIRINNANZI
Kathleen Bliss Law PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, NV 89012
(702) 463-9074
jt@kathleenblisslaw.com

Counsel for Dereck Vincent Fesolai

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| United States of America, | Case No. 2:17-cr-00074-JCM-NJK-1 |
| --- | --- |
| Plaintiff, | **PETITIONER'S MOTION TO PROVIDE SECOND SUPPLEMENT TO HIS RESPONSE AS TO TIMELINESS OF HIS CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING HIS MENTAL INCOMPETENCE AND REQUEST FOR ADDITIONAL TIME** |
| v. | |
| DERECK VINCENT FESOLAI, Defendant. | |

Defendant Dereck Fesolai, through his attorney, hereby submits his motion to provide a second supplement to his response as to timeliness of his claim for ineffective assistance of counsel regarding his mental incompetence, and additionally requests additional time to receive the currently processing "MRO Corp" records discussed herein.

Dated this 26th day of October 2021.

Respectfully submitted,

/s/Jacqueline Tirinnanzi___
JACQUELINE TIRINNANZI, ESQ.
Nevada Bar No. 13266
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

### A. Relevant Procedural History and Facts

On February 28, 2017, a federal grand jury sitting in the United States District Court for the District of Nevada charged Mr. Fesolai with the following two counts: Count One, Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and Count Two, Possession of a Controlled Substance with Intent to Distribute (Cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 1). On February 5, 2018, Mr. Fesolai pleaded guilty to Counts One and Two of the indictment. (ECF No. 37). He was sentenced on June 14, 2018 to 78 months for each count, to run concurrently with three years of supervised release. (ECF No. 49). Judgment was entered on June 18, 2018 and Mr. Fesolai did not file for appeal. (ECF No. 50).

Following his conviction, Mr. Fesolai twice attempted to file pro se §2255 motions, both occurring over a year outside of his June 18, 2018 entry of judgment. His first attempt was filed on September 25, 2019, and was dismissed without prejudice due to lack of attached briefing. (ECF No. 51 and 52). Mr. Fesolai's second pro se §2255 motion was filed on February 25, 2020, and included the argument that his mental incompetency prevented him from the timely filing of his §2255, claiming ineffective assistance of counsel as to his mental incompetence[1]. Pursuant to orders ECF No. 60 and 64, this court has permitted petitioner to provide a response as to the timeliness of his claim for ineffective assistance of counsel regarding his mental incompetence. This second supplement incorporates by reference all points and authorities submitted in the original response and

---

[1] The pro se §2255 motion cited various additional grounds that are not at issue at the time of the filing of the response.

supplement (ECF No. 65, 70) and also the status report on the same issue (ECF No. 68).

### B. Requirement for Supplemental Information

In his response (ECF. No 65), Mr. Fesolai made claim of ineffective assistance with respect to his mental incompetence and illness and that it should not have been time-barred and that equitable tolling should apply. Mr. Fesolai claimed ineffective assistance of counsel with respect to his mental incompetence (alleged schizophrenia and post-traumatic stress disorder). Mr. Fesolai claims his counsel knew of his diagnosed conditions but failed to request a mental evaluation, resulting in the unanswered question of how his mental illness contributed to his overall culpability and whether he was potentially deprived of mitigating information in relation to sentencing.

A §2255 motion must be filed within a year of "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1). Because Mr. Fesolai did not file an appeal, the judgment became final on July 2, 2018, "a judgment becomes final when the time has passed for appealing the district court's entry of the judgment." See *United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000). Mr. Fesolai filed his pro se §2255 motion on February 25, 2020, rendering the motion untimely as to the ineffective assistance of counsel claim regarding his mental incompetence[2]. However, the one-year deadline for filing a §2255 motion is not absolute; an exception is provided by equitable tolling.

To qualify for equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] Not all claims in the §2255 were untimely, however, they will not be addressed in this response.

has stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence prong . . . covers those affairs within the litigant's control; the extraordinary circumstances prong, by contrast, is meant to cover matters outside his control." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016).

Since approximately 2005, upon Mr. Fesolai's return from his studies in art school, he has suffered diagnosis ranging from Schizophrenia, PTSD, depression, and bipolar disorder. It is therefore quite possible that Mr. Fesolai was (and continues) to experience said impairments constituting "extraordinary circumstances" beyond his control. It simply cannot be said with certainty that these diagnosed conditions would not affect Mr. Fesolai so severely that he was able to rationally or factually understand the need to timely file or that he was perhaps in an episode so severe that potentially rendered him unable to personally prepare his timely filing. While it is unclear why Mr. Fesolai didn't file during the one-year period, however, it is entirely probable that his mental limitations prevented him from being able to file during that timeframe, and that Mr. Fesolai demonstrated the diligence that was possible for him, marked by the filings of his two pro se §2255 motions outside the one-year window for timely filing.

Mr. Fesolai sought to bolster his assertion of his mental illnesses with proof of his medical records, however much of the search was fruitless, until recently. At the time of the initial supplement (ECF No. 70), Mr. Fesolai's BOP records were made available under seal, but do not appear to reflect the level of mental illness Mr. Fesolai asserted. While numerous facilities had no record of Mr. Fesolai, it was determined that University Medical Center Charleston ("UMC Charleston") indeed did have record of Mr. Fesolai that is relevant to the claims previously set forth.

### C. Mr. Fesolai Respectfully Requests a Minimal Extension to Supplement with the Imminently Anticipated UMC Charleston Records from "MRO Corp" After Previously Erroneously Denying Mr. Fesolai's HIPAA Request

"MRO Corp" is the custodian of records for UMC Charleston. As recently as September 27, 2021 and October 12, 2021, MRO Corp erroneously denied access to Mr. Fesolai's records, citing CFR 45 §164.508 (c)(1)(vi), requiring that all HIPAA authorizations must be signed and dated. However, Mr. Fesolai's HIPAA releases have always been *very clearly*, signed and dated. This oversight on part of MRO Corp was brought to the attention of now five different staff members on various occasions, who noticed the error and ensured that the records would soon be provided. Finally, on October 14, 2021 a supervisor was assigned to rectify the repeated rejections of access to Mr. Fesolai's rightfully requested medical information.[3] At the close of MRO Corp's business hours at 8:00 p.m. on October 18, 2021, the status of the production of records was marked "expedited" and counsel was assured the records would be made available imminently by a member of the management team, and that the repeated denial of access had been removed from the company's internal record keeping system. At the time of this filing, MRO Corp has not provided timely access to Mr. Fesolai's medical records (and is arguably noncompliant with the timeframe production requirements set forth in 45 CRF §164.524). The request is currently marked as "expediated: processing" within the MRO system; Mr. Fesolai respectfully requests a minimal extension to receive the records that he is owed from MRO Corp.

---

[3] Documentation of the erroneous denial of access to the records and the correctly executed HIPPA release may be made available to this Court upon request.

### D. Mr. Fesolai Respectfully Requests this Court Permit a Second Supplement of Records from Harbor UCLA Medical Center

Pursuant to this Court's order (ECF No. 69), all supplementation pertaining to Mr. Fesolai was required by October 18, 2021 (30 days from date of order). While Mr. Fesolai's initial supplement filed on October 18, 2021 requested additional time for the "MRO Records" associated with UMC Charleston (discussed at length above), a different set of previously requested (and erroneously denied) records trickled in from Harbor UCLA Medical Center (likely as a result of counsel persistently alerting staff that lack of responsiveness to the request was potentially non-compliant with HIPAA requirements).

Nevertheless, the Harbor UCLA Medical Center records are important for the Court's consideration, particularly in that they establish in detail the *initial* onset of Mr. Fesolai's mental illness episodes, including an emergency psychiatric admission and subsequent inpatient stay in 2002. Furthermore, the (imminently) anticipated records from UMC Charleston/MRO Corp are expected to reflect more recent, episodes of mental illness, thereby establishing the chronic and ongoing nature of Mr. Fesolai's compromised mental state, supporting the basis of his argument in the original briefing found at ECF No. 65.

Mr. Fesolai would like to respectfully highlight that correspondence while in custody, during a pandemic which necessitated frequent periods of isolation measures and lack of communication, has made correspondence and identification of treatment facilities more challenging than initially anticipated. Furthermore, the strain of the pandemic on healthcare facilities' staff and resources has arguably contributed to an additional layer of delay.

At the time of filing this motion, the government's position is undetermined.

### E. Conclusion

For the foregoing reasons, Mr. Fesolai respectfully requests this Court provide a brief opportunity for MRO Corp to deliver said records to determine whether mental incompetence and illness had any effect on the timely filing of his claim, and to accept the recently received records from Harbor UCLA Medical Center on the same issue.

Dated October 26, 2021.

                                        Respectfully submitted,

                                        */s/ Jacqueline M. Tirinnanzi*
                                        Jacqueline Tirinnanzi, Esq.
                                        Attorney for Dereck Vincent Fesolai

**Certificate of Electronic Service**

The undersigned certifies that she is Attorney of Counsel at Kathleen Bliss Law PLLC and is a person of such age and discretion as to be competent to serve papers. On October 26, 2021 she served an electronic copy of the above and foregoing motion by electronic service (ECF) to the parties named in the filing system.

                                            */s/ Jacqueline M. Tirnnanzi*
                                            Jacqueline Tirinnanzi, Esq.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>vs.<br><br>DERECK VINCENT FESOLAI,<br><br>Defendant. | CASE NO.:   2:17-CR-00074-JCM-NJK<br><br>**ORDER** |

Based upon the motion of defendant, and for the good cause, the Court grants defendant's motion. It is hereby ORDERED that defendant's Motion is GRANTED and will permit **30 days from the date of this order** to submit the records that are currently processing from MRO Corp on behalf of UMC Charleston.

Dated October 29, 2021.

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

9